

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Glenn Capps
County Attorney
Mason County
Mason, Texas

Dear Sir:

Opinion No. O-4996
Re: Validity of the present 35
mile per hour speed limit
established by the State
Highway Commission on all
highways comprising the State
Highway System.

You have requested the opinion of this department
on the above stated question.

The speed limit to which you refer was promul-
gated by the State Highway Commission, evidently under a
supposed grant of authority contained in Section 8 of Art-
icle 827a, Vernon's Annotated Penal Code of Texas, as amend-
ed by House Bill No. 1074, Chapter 506, Acts of 1941, 47th
Legislature, Regular Session, the pertinent parts of which
are as follows:

"'Section 8. Rate and Speed of Vehicles.

"'It shall be unlawful for any person to oper-
ate or drive any motor or other vehicle upon the
public highways of Texas at a rate of speed in ex-
cess of sixty (60) miles an hour during the day-
time, or to drive or operate a motor or other
vehicle at a rate of speed in excess of fifty-five

Honorable Glenn Capps, Page 2

(55) miles per hour during the nighttime, or drive or operate a motor or other vehicle within the corporate limits of an incorporated city or town, or within or through any town or village not incorporated, at a greater rate of speed than thirty (30) miles per hour; provided, that it shall be unlawful to drive or operate upon said public highways a commercial motor vehicle, truck-tractor, trailer, or semitrailer as defined in this Act, at a rate of speed in excess of forty-five (45) miles per hour during the nighttime. Provided further, that it shall be unlawful to operate any motor vehicle engaged in this State in the business of transporting passengers for compensation or hire on any highway, road, or thoroughfare not privately owned between cities, towns, and villages at a rate of speed in excess of fifty-five (55) miles per hour.

"'Daytime as used in this Act shall mean a half hour before sunrise to a half hour after sunset, and nighttime shall mean at any other hour.

"'Provided further that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, having regard to the actual and potential hazards when approaching and crossing an intersection or a railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions; and speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"'The State Highway Commission shall have the power and authority upon the basis of an engineering and traffic investigation to determine and fix the maximum, reasonable and prudent speed at any road or highway intersections, railway grade crossings, curves, hills, or upon any other part of a

Honorable Glenn Capps, Page 3

highway, less than the maximum hereinbefore fixed
by this Act, taking into consideration the width
and condition of the pavement and other circum-
stances on such portion of said highway as well
as the usual traffic thereon.  That whenever the
State Highway Commission shall determine and fix
the rate of speed at any said point upon any high-
way at a less rate of speed than the maximum herein-
before set forth in this Act and shall declare the
maximum, reasonable and prudent speed limit thereat
by proper order of the Commission entered on its
minutes, such rate of speed shall become effective
and operative at said point on said highways when
appropriate signs giving notice thereof are erected
under the order of the Commission at such inter-
section or portion of the highway.

"'. . . .'"

The order of the State Highway Commission, fixing
the general 35 mile per hour speed limit, was passed Septem-
ber 22, 1942, and is as follows:

"An engineering and traffic investigation and
survey of the Texas Highway System having been made,
the Commission finds that maintenance equipment,
materials and supplies necessary to maintain and
prolong the life of the system in its present con-
dition are becoming increasingly difficult to ob-
tain because of priorities and other restrictions
of the Federal Government; that most of the high-
ways comprising the system are vital to the national
defense and should be preserved in the best possible
manner for such use; that a reduction of the maxi-
mum speed of motor vehicles using such highways will
decrease the wear and tear upon road surfaces and
at the same time permit the safe operation of ve-
hicles with worn tires which cannot be replaced.

"It is therefore ordered by the Commission upon
the basis of such engineering and traffic investiga-
tion and survey, that the maximum reasonable and
prudent speed of motor vehicles on all highways com-
prising the State Highway System, outside the limits
of incorporated cities and towns, be reduced to a

Honorable Glenn Capps, Page 4

speed not in excess of 35 miles per hour, and the
State Highway Engineer is authorized and directed
to proceed with the erection of appropriate signs
showing the maximum reasonable and prudent speed
on all highways comprising the State Highway System,
outside the limits of incorporated cities and towns,
as not exceeding 35 miles per hour."

From a careful reading of the above statutory pro-
vision granting the Highway Commission the authority to de-
termine what are maximum reasonable and prudent speeds upon
certain sections and points of the Texas highways, we are im-
pressed with the belief that the wording of the statute itself
does not show an intention to give the Highway Commission au-
thority to establish a new speed limit of general application
on all the many thousands of miles of State Highways, but
rather indicates a contrary intent. The obvious intent of
the grant is to empower the Commission to do what the Legis-
lature itself could not practicably do: to determine and fix
maximum safe speed limits (below the general maximum limits)
at particular "road or highway intersections, railway grade
crossings, curves, hills" or upon any other particular sec-
tion of highway which, because of predetermined local—not
general—conditions, might present extraordinary hazards to
traffic safety.

But the quoted order of the Commission goes beyond
the authority granted, and in effect, attempts to repeal a
general penal law passed by the Legislature, and substitute
in its place an order passed by an administrative board.

While we recognize the patriotic motives which im-
pelled its passage, yet it is our opinion that said order of
the State Highway Commission, fixing the maximum speed limit
on all highways comprising the State Highway System at 35
miles per hour, is in excess of the Commission's authority
and therefore invalid. The Legislature is now in session and
can make such changes as it deems desirable.

We express no opinion concerning the constitution-
ality of the delegation of authority contained in said Section
8, nor is this opinion to be construed as passing upon the
legality of other orders of the State Highway Commission fix-

ing the maximum speed limit upon particular sections of the State Highways at 35 miles per hour.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

W. R. Allen
Assistant

WRA:mp
ap.J.C.C.

APPROVED MAR 4, 1943

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN